UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL RACINE, as successor to CALIFORNIA
WINDOW COVERINGS, INC.,

                                      Plaintiff,      CIVIL CASE NO. 03-40300

v.

                                                                  HONORABLE PAUL V. GADOLA
AMERICAN BLIND and WALLPAPER           U.S. DISTRICT COURT
FACTORY, INC.,

                                      Defendant.
_____/

**<u>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

On October 16, 2003, Mr. Earl Racine, as alleged successor in interest to California Window Coverings, Inc. ("CWC, Inc."), first filed a complaint against American Blind and Wallpaper Factory, Inc. ("ABWF") in this Court based on diversity of citizenship, alleging breach of contract, promissory estoppel, and other claims. In its answer to Plaintiff's claims, ABWF asserted various defenses and a breach of contract counterclaim. On November 29, 2005, the Joint Final Pretrial Order was signed by the Court. ABWF now alleges that based upon Racine's deposition conducted in late November 2005 and based upon assignment documents produced by Racine in late December 2005, ABWF has only just learned that Racine does not have standing to assert claims on behalf of CWC, Inc. Consequently, on January 12, 2006, ABWF filed the current motion for summary judgment, contesting Racine's standing as successor to CWC, Inc.'s interests.

**I.    Background**

CWC, Inc. was in the business of manufacturing window blinds. ABWF purchased window

blinds from CWC, Inc. for a period of approximately ten years. In December 2001, ABWF decided to terminate its business relationship with CWC, Inc. for several business-related reasons, including non-payment. ABWF sent a notice to CWC, Inc. informing it of ABWF's desire to terminate the relationship. CWC, Inc. thereafter refused to pay the balance of $74,640 on its account with ABWF. Their business relationship subsequently ended in March 2002. ABWF instituted its first legal action against CWC, Inc. on May 7, 2002. On February 27, 2003 CWC, Inc. filed for bankruptcy under Chapter 7 of the U.S. Bankruptcy Code and its assets were liquidated.

CWC, Inc. was owned solely by Earl Racine. In May, 2001, California Window Coverings, LLC ("CWC, LLC") was formed, with CWC, Inc. and an employee of CWC, Inc. named Steve Frankel as members. All of CWC, Inc.'s assets and liabilities were transferred to CWC, LLC. In June, 2001, CWC, LLC obtained a loan for $150,000 from Union Bank of California ("Bank"). This loan was personally guaranteed by Racine. In support of the loan, CWC, LLC granted the Bank a security interest in the following property:

> All present and hereafter acquired personal property including but not limited to all accounts, chattel paper, instruments, contract rights, general intangibles, goods, equipment, inventory, documents, certificates of title, deposit accounts, returned or repossessed goods, fixtures, farm products, poultry, livestock, crops, timber, minerals (including oil and gas) and mineral rights, commercial tort claims, insurance claims, rights and policies, letter of credit rights, investment property, supporting obligations, and the proceeds, products, parts accessories, attachments, accessions, replacements, substitutions, additions, and improvements of or to each of the foregoing. Said personal property is hereafter referred to as the 'Collateral.'

Def. Mot., Ex. 2 (Jan. 12, 2006).

In May 2002, CWC, LLC defaulted on the loan. Due to its financial difficulties, CWC, LLC made an assignment for the benefit of all creditors on October 24, 2002. By this action CWC, LLC

assigned all of its property, assets, and rights to an assignee, David Blonder ("Assignee"). The assignment agreement stated that CWC, LLC did:

> grant, assign, bargain, sell, and transfer to Assignee, his successors and assigns, in trust for the benefit of all the Assignor's creditors generally, including all of the property and assets of the Assignor of every kind and nature and whatsoever situated, whether in possession, reversion, remainder, or expectancy, both real and personal, and any interest or equity therein not exempt from the enforcement of a money judgment; including therein all inventory, merchandise, furniture, fixtures, machinery, equipment, raw materials, work in process, books, records, accounts receivable, cash on hand, bank accounts, all choses in action, insurance policies, and all other property of every kind and nature owned by the Assignor, or in which Assignor has an interest, and without limiting the generality of the foregoing, including all of the assets pertaining to that certain manufacturer and distributor of window coverings known as California Window Coverings, LLC.

Def. Mot., Ex. 4 (Jan. 12, 2006).

David Blonder liquidated most of the property assigned but did not pursue any legal action for amounts due to CWC, LLC. Later, on March 21, 2003, Racine purchased from the Bank the security interest that the Bank had in CWC, LLC. At the time of purchase, the Bank's security interest was $96,937.65, the amount owed to the Bank by CWC, LLC.

On October 16, 2003 Racine initiated this suit, attempting to assert the claimed causes of action on behalf of CWC, Inc. In its summary judgment motion, ABWF now argues that Racine does not have standing to assert these causes of action.

**II.    Legal Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435-36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. To create a genuine issue

of material fact, the nonmoving party must present more than just some evidence of a disputed issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *see Celotex*, 477 U.S. at 322-23; *Matsushita*, 475 U.S. at 586-87.

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), aff'd, 929 F.2d 701 (6th Cir. 1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

**III.    Analysis**

When considering the issue of Racine's standing to assert the current causes of action on behalf of CWC, Inc., there are no genuine issues of material fact. In this case, the existence of standing can be determined by examining the various contracts between the parties, and is a question to be decided as a matter of law.

ABWF argues that Racine does not have standing to assert claims on behalf of CWC, Inc. against ABWF, because Racine is not a full successor in interest to CWC, Inc. In particular, ABWF

argues that Racine's interest is limited to those rights held by the Bank.

Racine first responds to ABWF's motion by arguing that ABWF waived this defense of standing by failing to plead it earlier. ABWF only became aware of the standing issue when it obtained Racine's deposition and other assignment documents in late 2005, upon which it quickly filed the current motion for summary judgment. The Court finds that standing is an essential element of jurisdiction that cannot be waived and can be brought up at any time in the proceeding. *See Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002). Thus, it is proper for ABWF to raise the issue of standing at this time.

Racine next argues that he has standing due to a chain of title from CWC, Inc. to CWC, LLC, then to the Bank, and finally to Racine. Racine argues that all of CWC, Inc's assets, liabilities, and claims transferred to CWC, LLC when CWC, LLC was created. Racine further contends these claims were subject to the security interest in CWC, LLC held by the Bank, and that Racine therefore received the rights to these claims when he acquired the same security interest from the Bank in March 2003.

After considering the evidentiary record and the language of the various documents, the Court finds that Racine does not have standing to assert the current causes of action on behalf of CWC, Inc. against ABWF. The Court finds that the October 2002 assignment agreement between CWC, LLC and Assignee David Blonder is controlling. In particular, the October 2002 assignment agreement assigned all of CWC, LLC's assets (and thus, all of CWC, Inc.'s assets) to David Blonder. Thus, the ability to pursue breach of contract actions on behalf of CWC, Inc. is reserved for David Blonder as assignee, not Racine. Pursuant to the March 2003 agreement between Racine

and the Bank, Racine only acquired a security interest in CWC, LLC's assets limited to the interest previously owned by the Bank in the amount of $96,937.65. Thus, based on the various contracts at issue, Racine does not have standing to assert a breach of contract claim and other similar causes of action on behalf of CWC, Inc. against ABWF. Consequently, ABWF is entitled to summary judgment as a matter of law.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant ABWF's motion for summary judgment [docket entry 46] is **GRANTED,** and this action, Civil Case No. 03-40300, is **DISMISSED**.

**SO ORDERED.**

Dated:  September 29, 2006   s/Paul V. Gadola
HONORABLE PAUL V. GADOLA
UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   October 2, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
            Kenn Botman; Eric D. Scheible; Bradford T. Yaker            , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                               .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845