UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL RACINE, as successor to CALIFORNIA
WINDOW COVERINGS, INC.,

                              Plaintiff,       CIVIL CASE NO. 03-40300

v.

                                                HONORABLE PAUL V. GADOLA
AMERICAN BLIND and WALLPAPER         U.S. DISTRICT COURT
FACTORY, INC.,

                              Defendant.
                                        /

## ORDER

Before the Court is Plaintiff's "Motion for Clarification and/or to Alter or Amend Judgment." Plaintiff timely filed his motion following this Court's order granting summary judgment in Defendant's favor. A response and a reply have been filed. In his motion, Plaintiff requests clarification or amendment of the Court's order granting summary judgment in Defendant's favor.

Plaintiff brings his motion pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). Plaintiff's motion is more properly a motion for reconsideration brought pursuant to Local Rule 7.1(g). Exercising its discretion, the Court has reviewed the briefs submitted by the parties and finds that granting Plaintiff's motion is appropriate under the circumstances in order to correct a deficiency in the Court's initial ruling that results in a different disposition of the case. As explained below, Plaintiff has standing to proceed in this case against Defendant up to the value of Plaintiff's interest as successor to CWC, Inc.

This case involves a difficult issue of standing, namely whether Plaintiff has standing to pursue certain contractual claims against Defendant. The contractual dispute originated between the entity CWC, Inc and Defendant. In May 2001, CWC, Inc. transferred all of its assets and liabilities to CWC, LLC. Accordingly, any claim that CWC, Inc. had against Defendant was transferred to CWC, LLC. Subsequently, CWC, LLC obtained a $150,000 loan from Union Bank of California, while Union Bank obtained a security interest in all the present and future personal property of CWC, LLC. After CWC, LLC defaulted on the loan in May 2002, CWC, LLC made an assignment for the benefit of creditors, of all its assets, property, and rights to David Blonder. This assignment for the benefit of creditors made to Blonder, however, remained subject to the security interest of Union Bank. Finally, in March 2003, Plaintiff Earl Racine purchased the security interest from Union Bank, which was valued at $96,937.65, the amount owed to Union Bank by CWC, LLC. Consequently, due to the value of the purchased security interest, Plaintiff has a valid interest in CWC, Inc. up to $96,937.65. Blonder's interest remains subject to this security interest now owned by Plaintiff. Accordingly, Plaintiff has standing to pursue CWC Inc.'s claims against Defendant to the extent of $96,937.65, and therefore, the case should not be dismissed in its entirety.[1]

Plaintiff has also filed a "Motion for Leave to File Supplement" in which Plaintiff requests the opportunity to investigate and then potentially add or substitute Mr. David Blonder as a plaintiff in this case. The Court does not find that Plaintiff is entitled to the relief he requests, and thus, the Court denies Plaintiff's motion for leave to file a supplement.

---

[1] The Court disagrees with Plaintiff's additional argument that he has sufficient interest in CWC, Inc. to pursue the full value of the alleged claims against Defendant beyond the amount of $96,937.65.

Also before the Court are Defendant's motion for sanctions and Plaintiff's response containing a cross-motion for sanctions. The motions were referred to the Honorable Virginia M. Morgan, United States Magistrate Judge. The Magistrate Judge recommended that this Court deny both motions for sanctions and that no sanctions be imposed. The Magistrate Judge also notified all the parties that any objections must be filed within ten days of service. Neither party has filed objections to the Magistrate Judge's Report and Recommendation.

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). As the Supreme Court observed, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Since neither party has filed objections to the Report and Recommendation, the Court need not conduct a review. Consequently, the Court will deny the parties' requests for sanctions.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's motion for clarification and/or to alter or amend judgment [docket entry # 61] is **GRANTED**, and that this Court's order granting summary judgment [docket entry #59] is modified in a manner not inconsistent with this order. Plaintiff Racine has standing to pursue CWC, Inc.'s claims against Defendant up to $96,937.65, the value of Plaintiff's interest as successor to CWC, Inc.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file a supplement [docket

entry #71] is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry #73] is **ACCEPTED and ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendant's motion for sanctions [docket entry #65] and Plaintiff's request for sanctions [docket entry #69] are **DENIED**.

**SO ORDERED.**

Dated: __September 21, 2007__         s/Paul V. Gadola
                                      HONORABLE PAUL V. GADOLA
                                      UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on __September 21, 2007__, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
    Kenn Brotman; Mark S. Frankel; eric D. Scheible; Bradford T. Yaker    , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____.

                                      s/Ruth A. Brissaud
                                      Ruth A. Brissaud, Case Manager
                                      (810) 341-7845